UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Mark Kinney | Case No. 23-cv-3188 (DWF/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Atlanticus Services Corporation, | |
| Defendant. | |

This matter is before the Court on the parties' Joint Motion Regarding Continued Sealing ("Sealing Motion") (ECF No. 43) filed in connection with Defendant's Motion for Summary Judgment (ECF No. 23). Defendant filed its Motion for Summary Judgment (ECF No. 23), supporting and reply memoranda (ECF Nos. 25, 38), meet and confer statement (ECF No. 28), proposed order (ECF No. 29), affidavit and thirty-four attached exhibits (ECF Nos. 27, 27-1 to 27-34), and declaration and four attached exhibits (ECF Nos. 40, 40-1 to 40-4) under seal. Defendant also filed statements indicating that redacting the documents was impractical (ECF Nos. 30, 31, 41). Plaintiff filed its responsive memorandum (ECF No. 32) and supporting declaration (ECF No. 33) with thirteen attached exhibits, all filed as a single document (ECF No. 33-1), under seal. Plaintiff also filed statements that redacting its documents was impractical (ECF No. 31, 34). Judge Donovan Frank granted in part and denied in part Defendant's underlying Motion for Summary Judgment on March 18, 2025 (ECF No. 44).

The parties agree to the following: (1) Defendant's Motion for Summary Judgment should remain sealed because it "outlines Plaintiff's claims against Defendant and alludes to supporting paperwork that has substantial amounts of confidential information Defendant requests to remain under seal"; (2) Defendant's supporting and reply memoranda should remain sealed because they

contain details of Plaintiff's employment which are subject to Nondisclosure Agreements ("NDAs"), and redaction is impractical based on the length of the documents and numerous references to protected information; (3) Defendant's affidavit and thirty-four attached exhibits should remain sealed because they have "various references to and evidence of client and prospective client communication that are subject to NDAs", and "there are entire deposition transcripts outlining, in part, Defendant's business practices and engagement with current and prospective clients" and "the number of exhibits attached" makes the entire filing impractical to redact; (4) Defendant's meet and confer statement should remain sealed because it contains agreements between the parties subject to Federal Rule of Civil Procedure 408 regarding settlement communications; (5) Defendant's proposed order should be unsealed; (6) Defendant's declaration and four attached exhibits should remain sealed because they contain references to and evidence of confidential communications subject to NDAs; (7) Plaintiff's responsive memorandum should remain sealed because it "repeatedly discussed and references" documents that Defendant has designated as confidential, and redacting the information is impractical; and (8) Plaintiff's declaration and thirteen attached exhibits should remain sealed because "Defendant contends that all of them are confidential and subject to the Protective Order entered in this case and further protected by a Nondisclosure Agreement that Plaintiff signed" and that redacting them is impractical. (ECF No. 43 at 1-5.)

I.      **Legal Standard**

Parties may seal documents in a civil case "only as provided by statute or rule, or with leave of court." L.R. 5.6(a)(1). "There is a common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222–23 (8th Cir. 2013) (citing Nixon *v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 (1978)). But the right of access is not absolute. *Id.* at 1123. The Court "'must consider the degree to which [the relief requested] would interfere with the interests served by the common-law

right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information.'" *Cajune v. Indep. Sch. Dist. 194*, 105 F.4th 1070, 1077 (8th Cir. 2024) (quoting *IDT Corp.*, 709 F.3d at 1223). "[T]he weight to be given to the presumption of [public] access must be governed by the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts." *Id.* at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

When the documents at issue play a material role in the exercise of Article III power or are of value to those monitoring the federal courts, "the presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so." *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018). On the other hand, when the documents at issue do not play a material role in the exercise of Article III power or are of little value to those monitoring the courts, the presumption of public access instead "amounts to … a prediction of public access absent a countervailing reason." *IDT Corp.*, 709 F.3d at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

## II.     Analysis

Because all the documents at issue are connected to a dispositive motion and the exercise of Article III power, they are of particular value to those monitoring the federal courts, such that the presumption for public access may be overcome only if the parties provide a compelling reason to keep them sealed. *Flynt*, 885 F.3d at 511. The Court concludes that the parties have proffered compelling reasons as to some, but not all, of the documents they seek to keep sealed.

### 1.     Defendant's Documents

The parties agree that Defendant's proposed order (ECF No. 29) may be unsealed. Based on the Court's review of Defendant's proposed order (ECF No. 29), and in light of the parties'

agreement, the Court finds unsealing it is appropriate. *Flynt*, 885 F.3d at 511.

Upon reviewing Defendant's remaining documents, the Court finds the parties have proffered sufficient justification for sealing only the following: (1) the meet and confer statement (ECF No. 28), because it contains statements that might be construed as confidential settlement communications subject to Fed. R. Civ. P. 408; and (2) Defendant's declaration and four attached exhibits (ECF Nos. 40, 40-1 to 40-4), because they contain references to and evidence of confidential communications subject to Nondisclosure Agreements, *IDT Corp.*, 709 F.3d at 1221 (finding sensitive business information subject to continued sealing).

The Court cannot conclude at this time that there is a compelling reason to keep Defendant's other documents under seal. While the parties claim Defendant's Motion for Summary Judgment should remain sealed because it "outlines Plaintiff's claims against Defendant and alludes to supporting paperwork that has substantial amounts of confidential information Defendant requests to remain under seal", it does not contain anything not already stated in Plaintiff's publicly-filed Complaint. The Court is also unpersuaded by the parties' broad assertion that Defendant's supporting and reply memoranda (ECF Nos. 25, 38) are simply too long and contain too much confidential information to redact. Court observers cannot understand Judge Frank's ruling without also knowing the grounds for Defendant's summary judgment motion. The public's interest in access to the memoranda thus outweighs Defendant's proprietary commercial interests in keeping the entirety of these documents confidential. This rationale is therefore insufficient to overcome the presumption in favor of the public's right of access. Similarly, Defendant's complete failure to attempt to redact any part of its affidavit and thirty-four attached exhibits (ECF Nos. 27, 27-1 to 27-34) is unacceptable. Defendant cannot overcome the public's right of access by choosing to attach numerous exhibits to a single affidavit and then stating that redaction is "impractical" because

there are too many exhibits attached.

The Court therefore orders Defendant to make a good faith effort to redact these documents, concealing only such information that Defendant can sincerely argue in good faith is confidential or proprietary. Defendant shall have until **June 13, 2025** to file either: (1.) redacted versions of its supporting and reply memoranda, and affidavit and thirty-four attached exhibits (ECF Nos. 25, 28, 27, 27-1 to 27-33); or (2.) if Defendant believes all or substantially all of a given document should be kept confidential, a detailed statement explaining its position as to each such document. If Defendant fails to do so, the Court will order the Clerk's Office to unseal these documents within 21 days pursuant to L.R. 5.6(f).

### 2. Plaintiff's Documents

The Court has also reviewed the documents Plaintiff wishes to keep sealed and cannot conclude at this time that permanent sealing is appropriate. Plaintiff seeks to seal its entire responsive memorandum in connection with Defendant's summary judgment motion (ECF No 32) because it "repeatedly discusse[s] and references" documents that Defendant has designated as confidential. (ECF No. 43 at 4.) Plaintiff similarly asks the Court to seal its declaration and thirteen attached exhibits (ECF Nos. 33, 33-1) because the documents contain information that Defendant contends is confidential and otherwise subject to the Protective Order in this case (*see* ECF No. 14), or Nondisclosure Agreements that Plaintiff signed. (ECF No. 43 at 4.) But a party's designation of a document as "confidential" in discovery is not dispositive of whether it should be sealed upon filing in the Court's docket, which is presumptively open to the public. Defendant's designation of documents pursuant to the Protective Order therefore fails to answer the Court's sealing inquiry. And, like Defendant, Plaintiff appears to have made no attempt to redact any document.

The Court therefore orders Plaintiff to make a good faith effort to redact these documents,

5

concealing only such information that Plaintiff can sincerely argue in good faith is confidential or proprietary. To the extent that the proprietary interest asserted is Defendant's interest and not Plaintiff's, Plaintiff must meet and confer with Defendant and Defendant shall assist Plaintiff in determining which specific portions of the documents Defendant believes should be redacted. Plaintiff shall then file redacted versions of its responsive memorandum and declaration and thirteen attached exhibits (ECF Nos. 32, 33, 33-1). For ease of reference, the Court also orders Plaintiff to individually file the thirteen documents supporting its declaration, currently filed as a single document (*see* ECF No. 33-1). Plaintiff shall have until **June 13, 2025** to file either: (1.) redacted versions of these documents; or (2.) detailed statements explaining why all or substantially all of any given document should be kept confidential. If Plaintiff fails to do so, the Court will order the Clerk's Office to unseal the documents filed at ECF Nos. 32, 33, and 33-1 within 21 days pursuant to L.R. 5.6(f).

The Court further directs the parties to file a revised joint motion regarding continued sealing on or before **June 13, 2025**. The parties' revised joint motion shall address the redacted documents and/or statements filed pursuant to this Order and provide specific reasons why sealing is appropriate as to each individual document.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the parties' Joint Motion Regarding Continued Sealing (ECF No. 43) is **GRANTED IN PART AND DENIED IN PART** as follows:

1. The Clerk of Court is directed to keep under seal the documents filed at ECF Nos. 28, 40, 40-1, 40-2, 40-3, and 40-4.

2. The Clerk of Court is directed to unseal the document filed at ECF No. 29.

3. The parties shall file redacted versions of any remaining documents they wish to keep under seal by **June 13, 2025,** or file detailed statements explaining why all or substantially all of any such document should be kept confidential, failing which the Court will deny the parties' sealing requests and direct the Clerk's Office to unseal the documents filed at ECF Nos. 25, 28, 27, 27-1 to 27-33, 32, 33, and 33-1 within 21 days pursuant to L.R. 5.6(f).

4. Plaintiff shall individually refile the exhibits currently filed at ECF No. 33-1 by **June 13, 2025.**

5. The parties shall file a revised motion for continued sealing on or before **June 13, 2025**.

Dated:  April 30, 2025        *s/ Dulce J. Foster*
                              DULCE J. FOSTER
                              United States Magistrate Judge
                              Magistrate Judge