UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Mark Kinney | Case No. 23-cv-3188 (DWF/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Atlanticus Services Corporation, | |
| Defendant. | |

This matter is before the Court on the parties' Joint Motion Regarding Continued Sealing ("Sealing Motion") (ECF No. 66) filed in response to the Court's April 30, 2025 Order (ECF No. 65), which granted in part and denied in part the parties' previous, related joint sealing motion ("First Motion") (ECF No. 43). The Court advised the parties that it could not determine from their First Motion whether there was a compelling reason to keep multiple documents sealed and directed them to file either redacted versions of the documents, or a detailed explanation why all or part of them should remain sealed. (ECF No. 65 at 4-5.) The parties now agree that all but one of the documents can be unsealed.

The documents at issue are all connected to Defendant's Motion for Summary Judgment ECF No. 23), which Judge Donovan Frank granted in part an denied in part on March 18, 2025. ECF No. 44.) Specifically, Defendant filed its Motion for Summary Judgment (ECF No. 23), supporting and reply memoranda (ECF Nos. 25, 38), meet and confer statement (ECF No. 28), proposed order (ECF No. 29), affidavit with thirty-four attached exhibits (ECF Nos. 27, 27-1 to 27-34), and declaration with four attached exhibits (ECF Nos. 40, 40-1 to 40-4) under seal. Plaintiff filed its responsive memorandum (ECF No. 32) and supporting declaration (ECF No. 33) with thirteen attached exhibits, all filed as a single document (ECF No. 33-1), under seal.

In its April 30, 2025 Order, the Court directed the Clerk of Court to keep under seal: (1) the meet and confer statement (ECF No. 28), because it contained statements that might be construed as confidential settlement communications subject to Fed. R. Civ. P. 408; and (2) Defendant's declaration and four attached exhibits (ECF Nos. 40, 40-1 to 40-4), because they contained references to and evidence of confidential communications subject to Nondisclosure Agreements, *IDT Corp.*, 709 F.3d at 1221 (finding sensitive business information subject to continued sealing). (ECF No. 65 at 4.) Pursuant to the parties' agreement and its own review, the Court also unsealed the proposed order filed at ECF No. 29. (*Id.* at 3.)

The parties now "jointly agree that each of the documents that were initially requested to keep sealed i.e. Documents 23, 25, 27 (and all exhibits thereto), 32, 33 (and all exhibits thereto), 38 and 40 can be unsealed. The sole exclusion is Document 28 …." (ECF No. 66 at 1; *see also* ECF No. 68, clarifying that the parties also agree to remove the seal on the documents filed at ECF Nos. 40-1 to 40-4.) Therefore, the only document the parties now seek to keep sealed is the meet and confer statement (ECF No. 28).

**I.      Legal Standard**

Parties may seal documents in a civil case "only as provided by statute or rule, or with leave of court." L.R. 5.6(a)(1). "There is a common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222–23 (8th Cir. 2013) (citing *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 (1978)). But the right of access is not absolute. *Id.* at 1123. The Court "'must consider the degree to which [the relief requested] would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information.'" *Cajune v. Indep. Sch. Dist. 194*, 105 F.4th 1070, 1077 (8th Cir. 2024) (quoting *IDT Corp.*, 709 F.3d at 1223). "[T]he weight to be given to the presumption of

[public] access must be governed by the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts." *Id.* at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

When the documents at issue play a material role in the exercise of Article III power or are of value to those monitoring the federal courts, "the presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so." *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018). On the other hand, when the documents at issue do not play a material role in the exercise of Article III power or are of little value to those monitoring the courts, the presumption of public access instead "amounts to … a prediction of public access absent a countervailing reason." *IDT Corp.*, 709 F.3d at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

**II.      Analysis**

Because all the documents at issue are connected to a dispositive motion and the exercise of Article III power, they are of particular value to those monitoring the federal courts, such that the presumption for public access may be overcome only if the parties provide a compelling reason to keep them sealed. *Flynt*, 885 F.3d at 511. Based on the parties' agreement and pursuant to its own review, the Court finds that unsealing all the documents, except the meet and confer statement filed at ECF No. 28, is appropriate. *Id.* As the Court previously concluded, the meet and confer statement (ECF No. 28) should remain sealed because it contains statements that might be construed as confidential settlement communications subject to Fed. R. Civ. P. 408.

**ORDER**

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the parties' Joint Motion Regarding Continued Sealing (ECF No. 66) is

**GRANTED** as follows:

1. The Clerk of Court is directed to keep under seal the document filed at ECF No. 28.

2. The Clerk of Court is directed to unseal the document filed at ECF No. 23, 25, 27, 27-1 to 27-33, 32, 33, 33-1, 38, 40, and 40-1 to 40-4 within 21 days pursuant to L.R. 5.6(f).

Dated:  June 13, 2025                    *s/ Dulce J. Foster*
                                                    DULCE J. FOSTER
                                                    United States Magistrate Judge
                                                    Magistrate Judge